COMMONWEALTH *vs.* A JUVENILE (No. 1). April 30, 1981. The defendant juvenile challenged the determination of a District Court judge to dismiss two delinquency complaints against the juvenile, to cause criminal complaints to issue, and to order the juvenile bound over to the Superior Court as an adult. He argued that the judge lacked authority under G. L. c. 119, § 61, to transfer to the adult system a charge of operating a motor vehicle negligently so that the lives or safety of the public might be endangered. See G. L. c. 90, § 24 (2) (*a*). He asserted that this crime was not "an offense involving the infliction or threat of serious bodily harm." G. L. c. 119, § 61, cl. (*b*), as appearing in St. 1975, c. 840, § 1. Following his conviction in the Superior Court, the juvenile appealed to the Appeals Court. That court concluded that § 61 authorized "transfers where an offense involves a danger (threat) of serious bodily harm." *Commonwealth* v. *A Juvenile*, 10 Mass. App. Ct. 385, 390 (1980). It held "that the offense of operating a motor vehicle negligently 'so that the lives

or safety of the public might be endangered' (G. L. c. 90, § 24[2][a], as appearing in St. 1975, c. 156, § 1) is such an offense." *Commonwealth* v. *A Juvenile, supra* at 391-392. We granted the juvenile's application for further appellate review.

We agree with the conclusion and reasoning of the Appeals Court and need add only the following comments. The authority to transfer focuses on the question whether the crime charged is one that involves a threat of serious bodily harm. The crucial fact is that the crime involves a threat of serious bodily harm, not that the person charged intended such a threat.

Although a judge has the authority to transfer a matter once it is determined that the statutory criteria have been met, we note that, in making his determination whether to transfer the juvenile to the adult system, a judge should give consideration to the particular facts of the case. The absence of any showing that the juvenile's acts were done with an intention to cause harm would militate against a transfer. The distinction between the authority to transfer and the appropriateness of a given transfer should be carefully observed. We have noted that "noncriminal treatment is to be favored and that transfer should be ordered only when warranted by exceptional circumstances." *A Juvenile* v. *Commonwealth*, 370 Mass. 272, 281-282 (1976).

We see no need to consider other issues discussed in the Appeals Court opinion or in the briefs before this court. There must be a new transfer hearing for the reasons stated by the Appeals Court. An order is to be entered in the same form as that entered by the Appeals Court. See *Commonwealth* v. *A Juvenile*, 10 Mass. App. Ct. 385, 394 (1980). The juvenile attained the age of eighteen in September, 1980. That fact does not bar a new hearing. As we said in *A Juvenile*, v. *Commonwealth (No. 1)*, 380 Mass. 552, 563 (1980), "There is plenty of precedent for nunc pro tunc reconsideration, even after the child has become adult, to improve a transfer order considered insufficient or to cure other procedural faults in the transfer proceedings. [Citations omitted.] Indeed in some of these cases the Juvenile Court has been permitted to receive additional evidence."

*So ordered.*

*Richard Friedman* for the defendant.

*Carol Anne Fagan*, Legal Assistant to the District Attorney (*Michael J. Traft*, Assistant District Attorney, with her) for the Commonwealth.